# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

DOW JONES & COMPANY, INC., et al.,     )
                                    )
        Plaintiffs,             )       C.A. No.: 1:24-cv-07984-KPF
                                      )
            v.                 )
                                      )
PERPLEXITY AI, INC.,            )
                                      )
        Defendant.          )
                                      )
                                      )
                                      )

**NON-PARTY PIETER ABBEEL'S OBJECTIONS AND RESPONSES TO
DOW JONES & CO., INC. AND NYP HOLDINGS, INC.'S SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF
PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rules of Civil Procedure 26, 34 and 45 and the Local Rules of this Court, Non-Party Pieter Abbeel ("Abbeel") hereby provides the following Objections and Responses to Plaintiffs Dow Jones & Company, Inc. and NYP Holdings, Inc.'s (collectively, "Plaintiffs") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

**GENERAL STATEMENTS AND OBJECTIONS**

1.     Abbeel's Objections and Responses are made solely for the purpose of discovery in this action. Any information and documents produced in response to the Subpoena are solely for use in this action and for no other purpose. None of the responses herein, and none of the materials and information that Abbeel provides in response to the Subpoena, if any, shall constitute an admission of the existence, relevance, or admissibility of such responses, materials and information, nor a waiver of any applicable privileges or objections to the admission of such responses, materials and information.

2.      Abbeel objects to these Requests to the extent they seek to impose any obligation inconsistent with or in excess of the Federal Rules of Civil Procedure, the Local Rules or any Orders of the Court.

3.      Abbeel objects to the Subpoena to the extent that it purports to require Abbeel to conduct large-scale searches of records and databases and thus fails to comply with Plaintiffs' requirement under Federal Rule 45(d)(1) to "take reasonable steps to avoid imposing undue burden or expense" on Abbeel. As a non-party, Abbeel should not be subject to the expense and burden of searching for and collecting large volumes of documents and conducting large-scale document reviews that are more appropriate, if at all, for party discovery.

4.      Abbeel objects to the Requests to the extent they require Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action.

5.      Abbeel objects to the Requests to the extent they call for the production of non-email communications such as text messages and Slack messages, as unduly burdensome and not proportional to the needs of the case. Abbeel will not search for or produce non-email communications including text messages, Slack messages, Reddit messages, etc.

6.      Abbeel objects to the Requests to the extent they seek the production of documents that are not within Abbeel's possession, custody or control or are equally available to Plaintiffs or through other less burdensome and intrusive means. As a nonparty to this action, Abbeel should not be forced to endure an undue burden to produce materials.

7.      Abbeel objects to the Requests to the extent that they seek the disclosure of documents or other information protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest doctrine, and/or any other applicable privilege or doctrine. Should any such disclosure by Abbeel occur, unless expressly stated otherwise in writing, it is

inadvertent and shall not constitute a waiver of any privilege or protection. An objection asserting that a topic or subtopic seeks privileged information or documents should not be construed as a representation that such information or documents exist or existed.

8.     Abbeel objects to the Requests to the extent they seek confidential information of third parties that Abbeel is contractually obligated to maintain as confidential information. Subject to all objections, Abbeel will only provide relevant and responsive information that Abbeel is contractually obligated to maintain as confidential upon the approval of those third parties or as ordered by the Court.

9.     Abbeel objects to the Requests to the extent that the burden or expense of searching for and producing documents in response to these Requests outweighs the likely benefit, taking into account the needs of the case, the parties' resources, and the lack of importance of the proposed discovery to resolving important issues in the case.

10.    Abbeel objects to the Requests to the extent they seek documents for periods of time that are not relevant to any claim or defense.

11.    Abbeel objects to the Requests to the extent they are overbroad, unduly burdensome, and oppressive.

12.    Abbeel objects to the Requests to the extent they purport to require unreasonable, costly and/or time-consuming measures to locate and produce responsive documents.

13.    Abbeel objects to the Plaintiffs' characterizations of facts, documents, theories, or conclusions contained in the Requests. In responding to each Request in the Subpoena, Abbeel does not admit or accept Plaintiffs' characterizations of facts, documents, theories, or conclusions.

14. Abbeel objects to the Requests to the extent that they contain terms or phrases that are undefined, vague and/or ambiguous, or fail to state the requested information with reasonable particularity.

15. Abbeel objects to the Requests to the extent they seek a legal conclusion or contention and/or information that is properly the subject of expert opinion.

16. Abbeel reserves the right to supplement, amend, and correct all or part of its Responses and Objections to the Subpoena, including the Requests, and to avail itself of any stipulated protective order in this action.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Abbeel objects to the following portion of Instruction No. 2 as unduly burdensome: "If, in responding to this Subpoena, You claim any ambiguity in a Category, Definition, or Instruction … You shall set forth as part of Your response the interpretation used in responding to the Category." To the extent Abbeel objects that a Request, or language therein, is vague and ambiguous, Abbeel will reasonably interpret the Request based on its plain language and/or in the context of the Subpoena and the surrounding language in the Request.

2. Abbeel objects to Instruction No. 3 to the extent it purports to require Abbeel to search for and produce documents outside of his possession, custody, or control.

3. Abbeel objects to Instruction No. 4 to the extent it purports to require Abbeel to produce documents without redactions. Abbeel reserves the right to redact sensitive confidential information within any produced documents or communications to the extent such redacted information is not responsive to the Subpoena.  Abbeel also reserves the right to redact privileged information, if any, within any produced documents or communications.

4. Abbeel objects to Instruction No. 5 because it is unduly burdensome and not proportional to the needs of the case. Subject to the objections stated herein, Abbeel will search

4

for and produce documents currently in his possession, custody, or control. Abbeel will not undertake an investigation to determine if responsive documents were destroyed, discarded, overwritten, or otherwise disposed of, and Abbeel will not provide the list of information requested in the instruction.

5. Abbeel objects to Instruction No. 9 as vague and ambiguous and unduly burdensome. Abbeel will produce documents as they are kept in the ordinary course of business.

6. Abbeel objects to Instruction No. 11 as unduly burdensome. Abbeel is a non-party and thus is not bound by the parties' Stipulated Document Production Protocol. Abbeel will produce documents as they are kept in the ordinary course of business.

7. Abbeel objects to the definition of the terms "You" and "Your" as overly broad, unduly burdensome, and outside the scope of discovery as defined by Fed. R. Civ. P. 26 to the extent it includes persons or entities that are separate and distinct from Abbeel and/or over whom Abbeel exercises no control.

8. Abbeel objects to the definition of "Communication" as overly broad and unduly burdensome to the extent it purports to impose requirements or obligations on Abbeel beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules and/or this Court's orders. Abbeel further objects to the definition of "Communication" to the extent it requires Abbeel to search for and produce non-email communications such as text messages and Slack messages, as unduly burdensome and not proportional to the needs of the case. Abbeel will not search for or produce non-email communications including text messages, Slack messages, Reddit messages, etc.

9. Abbeel objects to the definition of "Document" as overly broad and unduly burdensome to the extent it purports to impose requirements or obligations on Abbeel beyond

5

those set forth in the Federal Rules of Civil Procedure, the Local Rules and/or this Court's orders. Abbeel further objects to the definition of "Document" to the extent it requires Abbeel to search for and produce non-email communications such as text messages and Slack messages, as unduly burdensome and not proportional to the needs of the case. Abbeel will not search for or produce non-email communications including text messages, Slack messages, Reddit messages, etc.

10.     Abbeel objects that the definition of "Plaintiffs' Copyrighted Works" is vague and ambiguous because it does not identify all of Plaintiffs' registered works, and as overly broad and unduly burdensome to the extent it purports to require Abbeel to investigate and determine a full list of Plaintiffs' registered works in responding to the Subpoena.

11.     Abbeel objects to the definition of "Concerning" as vague, ambiguous, overbroad, and unduly burdensome and lacking in proportionality and to the extent it seeks to impose requirements and obligations on Abbeel beyond those set forth in the Federal Rules of Civil Procedure, the Local Rules or this Court's orders.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS**

**REQUEST FOR PRODUCTION CATEGORY NO. 1:**

All Documents, including Communications, concerning all Valuations of Perplexity in connection with Your actual or potential investment in Perplexity, including but not limited to Valuations of each Perplexity Product.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statements and Objections and Objections to Instructions and Definitions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel

objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications. Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 2:**

All Documents concerning business or marketing plans for Perplexity Products, including any and all assessments of (i) the potential or anticipated market(s) for Perplexity Products, (ii) potential or anticipated use cases for Perplexity Products, and (iii) Perplexity Products' ability to disrupt existing markets for news content.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statements and Objections and Objections to Instructions and Definitions. Abbeel objects to this

Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrases "business or marketing plans," "uses cases," and "ability to disrupt" are vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 3:**

All Documents, including but not limited to business or marketing plans, slide decks, PowerPoints, pitches, summaries, and other presentations, concerning the procurement of Content, including potentially copyrighted Content, for Perplexity Products or Perplexity Predecessor

Technology, including but not limited to the right to use such Content, the licensing of Content, any decision whether to license third-party Content, and Documents concerning Perplexity's actual or anticipated policies, procedures, and practices for treatment of copyrighted Content or webpage access restrictions, such as terms of use, firewalls, paywalls, and robots.txt protocols.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications. Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrases "business or marketing plans," "procurement of Content," "potentially copyrighted Content," and "practices for treatment of copyrighted Content or webpage access restrictions" are vague and ambiguous as used in this Request.

**RESPONSE:**

9

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 4:**

All Documents, including but not limited to business or marketing plans, slide decks, PowerPoints, pitches, summaries, or other presentations, concerning Perplexity's RAG or equivalent systems, databases, or Content repositories, including but not limited to the methods used by Perplexity to index, organize, and retrieve Content, its quality control mechanisms, and all third-party services or vendors Perplexity uses or has used for RAG operations.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client

privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrases "business or marketing plans" and "methods used by Perplexity to index, organize, and retrieve Content" are vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 5:**

All non-privileged Documents, including Communications, concerning the copyright or trademark risks associated with Perplexity's use of Content, including but not limited to legal risk assessments or analyses setting forth potential exposure to claims or potential defenses, due diligence, litigation exposure, insurance coverage, indemnification provisions or protections, and discussions or analyses of how copyright litigation against other Generative AI Applications would affect Perplexity's business model or Products.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel

11

objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrase "copyright or trademark risks" is vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 6:**

All Communications concerning Perplexity's use of Plaintiffs' Copyrighted Works, the Action, and/or discussions or analyses of how copyright litigation against other Generative AI Applications would affect Perplexity's business model or Products.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this

Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 7:**

All Communications concerning any changes made to Perplexity's marketing, product, Content collection, business model, or Valuations as a result of the Action, *The New York Times Company v. Perplexity AI, Inc.*, No. l:25-cv-10106 (S.D.N.Y.); *Reddit, Inc. v. SerpApiLLCet al*, No. 1:25-cv-08736 (S.D.N.Y.); *Encyclopedia Britannica, Inc. et al v. Perplexity AI, Inc.,* No. l:25-

cv-07546 (S.D.N.Y.); *Chicago Tribune Company, LLC v. Perplexity AI, Inc.* No. l:25-cv-10094 (S.D.N.Y.), or any other pending copyright lawsuit against companies due to their use of copyrighted Content in connection with Generative AI applications.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications. Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrase "changes made to Perplexity's marketing, product, Content collection, business model, or Valuations as a result of the Action" is vague and ambiguous as used in this Request.

**RESPONSE:**

14

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 8:**

All Documents, including Communications, concerning the effects or potential effects of Perplexity, Perplexity Products, and/or other Generative AI Applications on the news industry, publishers, or Content creators, including but not limited to the economic incentives for creating journalism, the market for news content, and documents concerning Publishers' Compensation Programs.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client

15

privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrase "the effects or potential effects of Perplexity, Perplexity Products, and/or other Generative AI Applications on the news industry, publishers, or Content creators" is vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 9:**

All Documents, including Communications, concerning Perplexity's statements, advertisements, or Communications that Perplexity Products allow End Users to "Skip the Links."

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to

16

the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 10:**

All Documents, including all Communications, referencing Plaintiffs or Plaintiffs' Copyrighted Works in the context of creating, developing, using, or improving Perplexity Products or Perplexity Predecessor Technology.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or

17

produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects to the defined term "Plaintiffs' Copyrighted Works" as vague and ambiguous because it does not identify all of Plaintiff's registered works, and overly broad and unduly burdensome to the extent it purports to require Abbeel to determine the full list of registered works in responding to this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 11:**

All Documents, including all Communications, concerning (i) the reason for creating a RAG Database or otherwise using RAG in Perplexity Products or Perplexity Predecessor Technology; (ii) the potential or actual monetization of a RAG Database, including but not limited to selling access to the RAG Database or utilizing the RAG Database in a future product; (iii) what Content to include in a RAG Database; (iv) how to procure Content for the RAG Database; and (v) any efforts or contemplated efforts to license Content for the RAG Database.

18

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrase "reason for creating a RAG Database or otherwise using RAG in Perplexity Products or Perplexity Predecessor Technology" is vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

19

**REQUEST FOR PRODUCTION CATEGORY NO. 12:**

All Documents, including all Communications, concerning the reasons for developing and implementing, or not developing and implementing, technologies, techniques, or other approaches for the purpose of causing the Outputs and Responses of Perplexity Products or Perplexity Predecessor Technology to appear less similar in word order, word choice, branding, or phrasing to the Content, through any means including but not limited to by using System Prompts, including recommending search topics and the Perplexity Cited Sources feature.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that this Request is vague and ambiguous as written.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 13:**

All Documents, including but not limited to correspondence and analyses, concerning Outputs and Responses generated specifically utilizing news-related copyrighted Content and/or Plaintiffs' Copyrighted Works in Perplexity Products or Perplexity Predecessor Technology.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications. Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or

21

immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the terms "Outputs" and "Responses" are vague and ambiguous as used in this Request as they are not defined in the Subpoena. Abbeel objects to the defined term "Plaintiffs' Copyrighted Works" as vague and ambiguous because it does not identify all of Plaintiff's registered works, and overly broad and unduly burdensome to the extent it purports to require Abbeel to determine the full list of registered works in responding to this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 14:**

All Communications with Aravind Srinivas, Denis Yarats, Andy Konwinski, and/or Johnny Ho concerning the Content necessary for search capabilities in the development and incorporation of Perplexity and/or any Perplexity Predecessor Technology.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or

produce non-email communications.  Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense. Abbeel objects that the phrase "Content necessary for search capabilities in the development and incorporation of Perplexity and/or any Perplexity Predecessor Technology" is vague and ambiguous as used in this Request.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

**REQUEST FOR PRODUCTION CATEGORY NO. 15:**

All Documents, including all Communications, regarding Your decision-making regarding Your investment in Perplexity and the information You relied on in deciding to invest in Perplexity.

**OBJECTIONS:**

Abbeel hereby incorporates by reference, as though fully set forth herein, his General Statement and Objections and Objections to Definitions and Instructions. Abbeel objects to this Request as overly broad, unduly burdensome and not proportional to the needs of the case. Abbeel

23

objects to this Request on the ground that it imposes an undue burden and expense on Abbeel, a non-party, by demanding that Abbeel conduct large-scale searches and review of records. Abbeel objects to this Request as unduly burdensome to the extent it requires Abbeel to search for and produce non-email communications (i.e., text messages, Slack); Abbeel will not search for or produce non-email communications. Abbeel further objects to this Request to the extent that it requires Abbeel, as a non-party, to produce materials that Plaintiffs can obtain from the parties to the action. Abbeel objects to this Request to the extent it seeks information that is already in the possession of Plaintiffs or otherwise equally available to Plaintiffs. Abbeel objects to this Request to the extent it seeks the production of information protected from discovery by the attorney-client privilege, work product doctrine, common-interest doctrine, or any other applicable privilege or immunity. Abbeel objects to this Request as seeking information that is not relevant to a claim or defense.

**RESPONSE:**

Subject to and without waiving the foregoing General and Specific Objections, Abbeel responds as follows: Abbeel will produce non-privileged documents responsive to this Request to the extent such documents exist, can be located and produced after a reasonable search and can be located and produced without undue burden or expense.

Dated: April 13, 2026

*/s/ Hillary Bunsow*
Hillary Bunsow
California Bar No. 278719
hillarybunsow@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real,
Redwood City, CA 94063
Tel: (650) 351-7248
Fax: (415) 426-4744

24

*Attorneys for Non-Party*
Pieter Abbeel

25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 13, 2026, a true and correct copy of the

foregoing document was served upon counsel of record for Plaintiffs via e-mail and U.S. First

Class Mail to the following addresses:

Susan Kohlmann
Alison Stein
**Jenner & Block LLP**
1155 Ave. of the Americas
New York, NY 10036
SKohlmann@jenner.com
AStein@jenner.com


*/s/ Hillary Bunsow*
Hillary Bunsow

26